UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY L. COOK,

      Plaintiff,

Case No. 10-14484

v.

Paul D. Borman
United States District Judge

EXPERIAN, EQUIFAX, and
TRANSUNION, LLC,

R. Steven Whalen
United States Magistrate Judge

      Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT EQUIFAX'S MOTION TO DISMISS (DKT. NO. 25)

This matter is before the Court on Defendant Equifax's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 37.) Plaintiff has filed responses. (Dkt. Nos. 30, 31.) Equifax filed a reply. (Dkt. No. 34.) The Court held a hearing on September 14, 2011, at which Plaintiff, who proceeds *in pro per*, was present. For the reasons that follow, the Court GRANTS Equifax's motion to dismiss and DISMISSES Plaintiff's claims against Equifax with prejudice.

**INTRODUCTION**

Plaintiff filed her Complaint on November 10, 2010. She indicated on the Civil Cover Sheet that the nature of her suit relates to some type of fraud with regard to her personal property. (Dkt. No. 1, p. 8.) Neither the Civil Cover Sheet nor the accompanying "complaint" gives the Court, or the Defendant, any indication of the legal grounds for her claim. Although Plaintiff attaches to her Complaint a copy of a one-page document entitled "Summary of Rights Under the Fair Credit

1

Reporting Act," neither the Complaint nor her response to Defendant's motion gives any indication that she is proceeding under that statute and/or, if so, under which section(s) she claims entitlement to relief. Plaintiff's Complaint falls far short of the pleading requirements under *Twombly* and *Iqbal*, giving Defendant no indication of the claims it must prepare to defend. Therefore, the Court GRANTS Defendant Equifax's motion to dismiss and DISMISSES Plaintiff's Complaint against Equifax with prejudice.

## I. BACKGROUND

Plaintiff's Complaint gives little background in support of her claims. It appears that Plaintiff believes she has been the victim of identity theft and she claims that the named Defendants, including moving Defendant Equifax, have been "abusing and giving my credit to someone else, since 1999." (Compl. 3.) Rather than attempt to summarize Plaintiff's one-page handwritten statement, the Court repeats the pertinent allegations here:

> To: Experian, Exquifax [sic] & Transunion: Hey, Mary Lenise Cook is the name, victim of identity theft. You all have been abusing and giving my credit to someone else, since 1999. Well let me tell you a little about myself. I been staying at 512 W. Grand Blvd. 204# for 101/2 yrs. Then 2008 I moved down stairs in apartment 104#. All-in-all I been staying at this apartment complex for 13 yrs! I never own any credit cards. I don't own any condos or houses. I never had a mortgage in my life. I can't change my address, because someone is using a credit card to change the address. I went on the internet to change my address. And it required a credit card. I repeatly [sic] keep putting fraud alerts on all three creditors and nothing is working. And you all are failing to stop this person from using my credit from the questions I have answer that person is not me! You are letting this person with this social security (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) have been letting [sic] this person use my credit. With all my personal information! I have provided all the information to you on 1/29/09 to show that not me! Still the creditors fail to comply. Well I'm tire [sic] of all this abuse! Now I'll sue you for damages! My summary of rights has been violated, its says here in the document that I am presenting to you. I'm going to sue you in federal for every loan, credit card and everything else with my personal information on it!

(Dkt. No. 1, Complaint, p. 3.) This is the sum total of the factual allegations provided by Plaintiff.

2

She also attaches a one-page Transunion Consumer Credit Report for a "Mary Cook," and a one-page Equifax notice (not identifying Plaintiff or any other recipient) explaining the process for obtaining a free Equifax credit report. (Dkt. No. 1, 6-7.) The Complaint does not explain how Plaintiff came into possession of these documents or how they relate to her claim. Plaintiff's response to Equifax's motion to dismiss does nothing to clarify her claims and in fact is more in the nature of a document request than a response to Equifax's motion.

At the hearing on this matter, Plaintiff appeared and spoke on her own behalf. The Court afforded Plaintiff multiple opportunities to clarify the nature of her claims against Equifax, which Plaintiff was unable to do to the Court's satisfaction. At the Court's suggestion, counsel for Equifax, Stephanie Cope, offered to meet with Plaintiff after the hearing to try to understand the exact nature of Plaintiff's claims and to attempt to obtain the authorization that Equifax would need from Plaintiff in order to put a fraud alert on Plaintiff's credit report. Plaintiff brusquely resisted this overture; the Court again instructed Plaintiff that she should meet with counsel for Equifax in the Courthouse in the nearby attorney conference room or, alternatively, that she should contact Ms. Cope by phone at her office number within the following twenty-four hours or face dismissal of her claims against Equifax. On September 19, 2011, Ms. Cope filed a notice with the Court, indicating that Plaintiff had not contacted her as the Court instructed at the September 14, 2011 hearing. (Dkt. No. 35.)

II. **STANDARD OF REVIEW**

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh*, 487

F.3d 471, 476 (6th Cir. 2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Term. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). A *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and is held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). A *pro se* Plaintiffs must still "plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at * 3 (E.D. Mich. March 30, 2011).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Dismissal is appropriate if the plaintiff has failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Id.* at 570. The Supreme Court clarified the concept of "plausibilty" in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009):

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it

4

"stops short of the line between possibility and plausibility of 'entitlement to relief.'"
*Id.*, at 557 (brackets omitted).

*Id.* at 1948-50. A plaintiff's factual allegations, while "assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 127 S.Ct. at 1965). Thus, "[t]o state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 127 S.Ct. at 1969).

### III. ANALYSIS

The Court is mindful that a *pro se* litigant's complaint must be construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Haines*, 404 U.S. at 520-21. However, Plaintiff's Complaint against Equifax fails to satisfy even the most rudimentary pleading standards set forth in *Twombly* and *Iqbal*, even taking into consideration Plaintiff's *pro se* status. Equifax as an entity is not even mentioned in the Complaint, other than in the salutation and on an attached one-page document that nowhere on its face states that it relates in any way to this Plaintiff. Plaintiff's Complaint gives absolutely no indication what conduct on the part of Equifax might be the basis for her claim of liability and similarly gives no hint under what legal theory, federal law, state law or otherwise, she purports to state her claim.

In consideration of Plaintiff's *pro se* status, the Court gave Plaintiff every opportunity, at the hearing on this matter, to articulate a comprehensible claim so that she could proceed with her Complaint against Equifax. Plaintiff declined the Court's suggestion that she speak with Equifax's

counsel, Ms. Cope, in an effort to pinpoint the nature of her complaint so that she might be able to articulate some viable legal theory against Equifax, if indeed she had such a claim. Plaintiff has failed to seize the opportunity presented to her. The Court can only speculate as to what Plaintiff might be claiming, and even that would be an exercise in extreme supposition and hypothesis. The Court would be hunting in the dark to try to divine exactly how Plaintiff's claims might give rise to liability on the part of Equifax, under some section of the FCRA or under some other applicable law, in order to determine whether Plaintiff in fact might be entitled to relief. Plaintiff's Complaint contains only vague allegations regarding her communications with Equifax. In fact, at the hearing, Plaintiff stated that she had received a report from Experian that she claims had the wrong social security number on it, but she stated that she never received anything from Equifax. Even assuming Plaintiff had received communications from Equifax, she gives no indication, to Equifax or the Court, of how any such communications would amount to a dereliction of Equifax's statutory or other legal obligations. Nor do Plaintiff's Complaint, or her representations at the hearing, give any indication of the nature of any damage that she may have suffered as a result of any conduct on the part of Equifax. Plaintiff's Complaint, as pleaded, simply fails to state a legally cognizable claim against Equifax.

Based on the allegations contained in the Complaint, Equifax cannot begin to know how to respond, a fundamental failure of pleading under *Twombly* and *Iqbal*. At the very least, a complaint must inform the defendant of the claims he must prepare to defend against. *Baker*, 2011 WL 1233200 at *3 (dismissing a *pro se* complaint which stated no facts indicating entitlement to relief and failed to provide enough notice to defendant to enable it to defend against the claim). In the instant case, not only do the factual allegations fail to make any asserted claims against Equifax

plausible, there are no identifiable legal claims asserted against Equifax, bare bones or otherwise. "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Bredesen*, 500 F.3d at 527.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Equifax's Motion to Dismiss and DISMISSES Plaintiff's claims against Equifax with prejudice.

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 9-20-11