UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY L. COOK,

    Plaintiff,

Case No. 10-14484

v.

Paul D. Borman
United States District Judge

EXPERIAN, EQUIFAX, and
TRANSUNION, LLC,

R. Steven Whalen
United States Magistrate Judge

    Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS TRANS UNION, LLC AND EXPERIAN'S MOTIONS TO DISMISS (DKT. NOS. 41 and 44)

This matter is before the Court on Trans Union, LLC's ("Trans Union") Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 41.) Defendant Experian Information Solutions, Inc. ("Experian") (improperly named in the Complaint as Experian) joins in Trans Union's motion and the relief sought by Trans Union. (Dkt. No. 46.) Plaintiff filed a response to Trans Union's motion (Dkt. No. 46) and Trans Union and Experian each filed a reply (Dkt. Nos. 47, 48.) The Court held a hearing on March 14, 2012. For the reasons that follow, the Court GRANTS Trans Union's and Experian's motion and DISMISSES Plaintiff's Complaint with prejudice.

**INTRODUCTION**

Plaintiff filed her Complaint on November 10, 2010 against Defendants Equifax, Experian and Trans Union. She indicated on the Civil Cover Sheet that the nature of her suit relates to some

1

type of fraud with regard to her personal property. (Dkt. No. 1, Complaint 8.) Neither the Civil Cover Sheet nor the accompanying "Complaint" gives the Court, or the Defendants, any indication of the legal grounds for her claim. Although Plaintiff attaches to her Complaint a copy of a one-page document entitled "Summary of Rights Under the Fair Credit Reporting Act," neither the Complaint nor her response to Defendants' motion gives any indication that she is proceeding under that statute and/or, if so, under which section(s) she claims entitlement to relief.

Plaintiff's Complaint falls far short of the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), giving Defendants no indication of the claims it must prepare to defend. Therefore, the Court GRANTS Defendant Trans Union's motion for judgment on the pleadings, in which Defendant Experian joins, and DISMISSES Plaintiff's Complaint in its entirety with prejudice.

## I.  BACKGROUND

In evaluating the sufficiency of a complaint under Federal Rule of Civil Procedure 12(c), all "well pleaded allegations" are taken as true. *Lowden v. County of Clare*, 709 F. Supp. 2d 540, 545 (E.D. Mich. 2010). The facts summarized below are, accordingly, taken from Plaintiff's Complaint.

Plaintiff's Complaint gives little background in support of her claims. It appears that Plaintiff believes she has been the victim of identity theft and she claims that the named Defendants have been "abusing and giving [her] credit to someone else, since 1999." (Compl. 3.) Rather than attempt to summarize Plaintiff's one-page handwritten statement, the Court repeats the pertinent allegations here:

> To: Experian, Exquifax [sic] & Transunion: Hey, Mary Lenise Cook is the name, victim of identity theft. You all have been abusing and giving my credit to someone else, since 1999. Well let me tell you a little about myself. I been staying at 512 W.

> Grand Blvd. 204# for 101/2 yrs. Then 2008 I moved down stairs in apartment 104#. All-in-all I been staying at this apartment complex for 13 yrs! I never own any credit cards. I don't own any condos or houses. I never had a mortgage in my life. I can't change my address, because someone is using a credit card to change the address. I went on the internet to change my address. And it required a credit card. I repeatly [sic] keep putting fraud alerts on all three creditors and nothing is working. And you all are failing to stop this person from using my credit from the questions I have answer that person is not me! You are letting this person with this social security (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) have been letting [sic] this person use my credit. With all my personal information! I have provided all the information to you on 1/29/09 to show that not me! Still the creditors fail to comply. Well I'm tire [sic] of all this abuse! Now I'll sue you for damages! My summary of rights has been violated, its says here in the document that I am presenting to you. I'm going to sue you in federal for every loan, credit card and everything else with my personal information on it!

(Compl. 3.) This is the sum total of the factual allegations provided by Plaintiff. She also attaches what appears to be a one-page Trans Union Consumer Credit Report for a "Mary Cook," and a one-page Equifax notice (not identifying Plaintiff or any other recipient) explaining the process for obtaining a free Equifax credit report. (Compl. 6-7.) The Complaint does not explain how Plaintiff came into possession of these documents or how they relate to her claim. Plaintiff's response to Trans Union's motion to dismiss does nothing to clarify her claims. Nor was Plaintiff able to add factual depth to her claims at either the September 14, 2011 hearing on Equifax's earlier-filed motion to dismiss or the March 14, 2012 hearing on the instant motion for judgment on the pleadings.

On September 20, 2011, this Court issued an Opinion and Order granting Defendant Equifax's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 36.) The Court found, following a hearing at which Plaintiff appeared and was given ample opportunity to explain to the Court the nature of her claim, that Plaintiff failed to state a cognizable claim against Equifax and dismissed Equifax from the case. The remaining Defendants, Trans Union and Experian, now move for judgment on the pleadings.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is governed by the same standards applicable to a motion to dismiss pursuant to Rule 12(b)(6). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same . . . ." *Lindsay v. Yates*, 498 F.3d 434, 437 n. 5 (6th Cir. 2007). The Sixth Circuit has defined the pleading requirements necessary to withstand a challenge under Rule 12(c):

> We recently explained the pleading requirements that are necessary to survive a Rule 12(c) motion:
>
> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 1964-65 (internal citations omitted). In *Erickson v. Pardus*, 550 U.S. ----, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), decided two weeks after *Twombly*, however, the Supreme Court affirmed that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). The opinion in *Erickson* reiterated that "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Id.* (citing *Twombly*, 127 S.Ct. at 1965). We read the *Twombly* and *Erickson* decisions in conjunction with one another when reviewing a district court's decision to grant a motion to dismiss for failure to state a claim or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12. *Sensations, Inc.*, 526 F.3d at 295-96 (footnote omitted).

*Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 550 (6th Cir. 2008) (quoting *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008)). Although Plaintiff proceeds *pro se*, and her Complaint is therefore held to less stringent standards than one drafted by counsel, this does not relieve her of the obligation to "plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. March

30, 2011).

### III. ANALYSIS

Plaintiff's Complaint gives no indication of the nature of her claims against Trans Union and Experian and Plaintiff's response to Defendants' motion does nothing to clarify the nature of her claims. While Plaintiff's response does direct the Court's attention to certain sections of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, ("FCRA"), it does not provide a clue as to how Defendants' conduct may have violated the sections cited. For example, Plaintiff refers to 15 U.S.C. § 1681o which provides for civil liability for negligent failures to comply with the provisions of the FCRA. Plaintiff also refers to 15 U.S.C. § 1681p, which authorizes an action to be commenced in federal court for violations of the FCRA. Reliance on these sections of the FCRA does nothing to enlighten the Court as to which statutory sections Plaintiff claims Defendants have violated.

Plaintiff states that on May 2, 2011 she requested unspecified documents from the Defendants and that on October 5, 2011 she sent all three Defendants a request pursuant to 15 U.S.C. § 1681g. However, regardless of how Defendants may have responded or failed to respond to either one of these post-Complaint requests, they cannot logically form the basis for Plaintiff's Complaint that was filed with the Court on November 11, 2010.

Plaintiff states in her response to Defendants' motion that "when [she] first started this case, all [she] wanted was to investigate this social security [sic] 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 with all my personal information attached." (Dkt. No. 46, Pl.'s Resp. 1.) Although Plaintiff attached to her Complaint what appears to be a page (the document indicates that it is page "2 of 3") from a Trans Union Consumer Credit Report for a Mary Cook, she gives no indication of how this document might form the basis for her claims against Trans Union. As to Defendant Experian, none of the documents

5

attached to Plaintiff's Complaint appears to refer or relate to this Defendant.

Although the Court gave Plaintiff wide latitude at the first hearing in this matter, on Defendant Equifax's motion to dismiss, to explain to the Court the basis for her claims against these Defendants, she was unable to articulate any facts from which the Court could discern a legally cognizable claim. She fares no better now having responded to Defendants Trans Union and Experian's motion and having had a second opportunity to appear before the Court and explain the nature of her claims. The Court would be speculating to try to divine a claim against either Trans Union or Experian based on Plaintiff's Complaint and response to the motions to dismiss. At a minimum, her Complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Tucker*, 539 F.3d at 550 (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)). Even construing Plaintiff's Complaint liberally, and accepting as true all of the factual allegations contained in her Complaint, the Court finds that Plaintiff has failed to provide sufficient factual matter to raise her claim to a right to relief beyond the level of mere speculation. *Twombly*, 550 U.S. at 555.

IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant Trans Union's Motion for Judgment on the Pleadings (Dkt. No. 41); GRANTS Defendant Experian's Concurrence and Joinder in Trans Union's motion (Dkt. No. 44) and DISMISSES Plaintiff's Complaint in its entirety with prejudice.

IT IS SO ORDERED.

Dated: 3-28-12

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE